James F. Moscagiuri (JM-8928)
**COURTER, KOBERT & COHEN**
A Professional Corporation
1001 Route 517
Hackettstown, NJ 07840
Telephone (908) 852-2600
Facsimile (908) 852-8225
E-Mail jmoscagiuri@ckclaw.com

Attorneys for Third-Party Defendant,
Premium Payment Plan

THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GREAT AMERICAN E & S INSURANCE COMPANY,<br><br>        Plaintiff,<br><br> v.<br><br>S. W. CAFÉ CORP., S. W. CAFÉ, LLC and JOSEPH CAVALIERI,<br><br>        Defendants.<br>--------------------------------------------------------<br>S. W. CAFÉ, CORP. d/b/a SWEETWATER CASINO, a New Jersey Corporation,<br><br>        Third-Party Plaintiff,<br><br> v.<br><br>PREMIUM PAYMENT PLAN and WALNUT ADVISORY GROUP,<br><br>        Third-Party Defendants. | Civil Action No. 1:08-cv-04117-JEI-KMW<br><br>Civil Action<br><br>**DOCUMENT ELECTRONICALLY FILED**<br><br>**NOTICE OF MOTION TO DISMISS S. W. CAFÉ CORP.'S THIRD-PARTY COMPLAINT AS AGAINST PREMIUM PAYMENT PLAN** |

**TO:** Matthew S. Ponzi, Esq./Thomas B. Orlando, Esq.
    Foran, Glennon, Palandech & Ponzi, PC
    222 North LaSalle Street, Suite 1400
    Chicago, IL 60605

{00270828-1}

Michael J. Vassaloti, Esq.
Brown & Connery, LLP
360 Haddon Avenue
Post Office Box 539
Westmont, NJ 08108

Steven J. Polansky, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002

Keith A. Bonchi, Esq.
Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill
600 New Road
Northfield, NJ 08225

David C. Donohue, Esq.
Farkas & Donohue, LLC
389 Passaic Avenue
Fairfield, NJ 07004

**COUNSEL:**

**PLEASE TAKE NOTICE** that Third-Party Defendant Premium Payment Plan ("Premium"), by and through its attorneys, Courter, Kobert & Cohen, P.C., James F. Moscagiuri, Esq., appearing, shall, on a date to be scheduled by the Court, move for an Order dismissing S. W. Café Corp.'s Third-Party Complaint as against Premium, pursuant to F.R.C.P. 12(b)(6).

Premium shall rely upon the brief filed herewith in support of its motion. The undersigned counsel for Premium further provides notice to the Court that he has informed all counsel of record of the filing of this motion. Oral argument is requested.

                                          **COURTER, KOBERT & COHEN, P.C.**
                                          Attorney for Third-Party Defendant,
                                          Premium Payment Plan

                                          By: /s/ James F. Moscagiuri
                                              James F. Moscagiuri (JM-8928)

Dated: September 10, 2009

James F. Moscagiuri (JM-8928)
**COURTER, KOBERT & COHEN**
A Professional Corporation
1001 Route 517
Hackettstown, NJ 07840
Telephone (908) 852-2600
Facsimile (908) 852-8225
E-Mail jmoscagiuri@ckclaw.com

Attorneys for Third-Party Defendant,
Premium Payment Plan

THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GREAT AMERICAN E & S INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>  v.<br><br>S. W. CAFÉ CORP., S. W. CAFÉ, LLC and JOSEPH CAVALIERI,<br><br>         Defendants.<br>------------------------------------------------<br>S. W. CAFÉ, CORP. d/b/a SWEETWATER CASINO, a New Jersey Corporation,<br><br>         Third-Party Plaintiff,<br><br>  v.<br><br>PREMIUM PAYMENT PLAN and WALNUT ADVISORY GROUP,<br><br>         Third-Party Defendants. | Civil Action No. 1:08-cv-04117-JEI-KMW<br><br>Civil Action<br><br>**<u>DOCUMENT ELECTRONICALLY FILED</u>**<br><br>**CERTIFICATION OF SERVICE** |

{00270828-1}

1. I am an attorney at law in the State of New Jersey, and a member of the law firm of Courter, Kobert & Cohen, P.C., counsel for Third-Party Defendant, Premium Payment Plan ("Premium").

2. I certify that the within documents have been served with the Court via electronic filing, as well as upon the following:

**Via Electronic Filing and One Courtesy Copy by Regular Mail**
Honorable Karen M. Williams, U.S.M.J.
Mitchell H. Cohen Building
And United States Court House
4th and Cooper Streets, Courtroom 5C
Camden, NJ 08101

**Via E-Mail mponzi@fgpp.com and torlando@fgpp.com**
Matthew S. Ponzi, Esq./Thomas B. Orlando, Esq.
Foran, Glennon, Palandech & Ponzi, PC
222 North LaSalle Street, Suite 1400
Chicago, IL 60605

**Via Electronic Filing with Court**
Michael J. Vassaloti, Esq.
Brown & Connery, LLP
360 Haddon Avenue
Post Office Box 539
Westmont, NJ 08108
Attorneys for S.W. Café Corp.

Steven J. Polansky, Esq.
Marshall, Dennehey, Warner, Coleman & Goggin
200 Lake Drive East, Suite 300
Cherry Hill, NJ 08002
Attorneys for Great American E&S Insurance Company

Keith A. Bonchi, Esq.
Goldenberg, Mackler, Sayegh, Mintz, Pfeffer, Bonchi & Gill
660 New Road, Suite 1-A
Northfield, NJ 08225
Attorneys for S. W. Café, LLC

3

    David C. Donohue, Esq.
    Farkas & Donohue, LLC
    389 Passaic Avenue
    Fairfield, NJ 07004
    Attorneys for Walnut Advisory Group

3.    I further certify that a PDF form of the above-mentioned documents has been sent to the United Stated District Court, District of New Jersey, via electronic filing, which is identical to the text in the paper copies.

I hereby certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                      /s/ James F. Moscaguiri
                                                        James F. Moscagiuri (JM-8928)

Dated: September 10, 2009

THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GREAT AMERICAN E & S INSURANCE COMPANY,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br><br>S. W. CAFÉ CORP., S. W. CAFÉ, LLC and JOSEPH CAVALIERI,<br><br>　　　　　　　　　　　Defendants.<br>------------------------------------------------------------<br>S. W. CAFÉ, CORP. d/b/a SWEETWATER CASINO, a New Jersey Corporation,<br><br>　　　　　　　　　　　Third-Party Plaintiff,<br>v.<br><br>PREMIUM PAYMENT PLAN and WALNUT ADVISORY GROUP,<br><br>　　　　　　　　　　　Third-Party Defendants. | Civil Action No. 1:08-cv-04117-JEI-KMW<br><br>Civil Action<br><br>**DOCUMENT ELECTRONICALLY FILED** |

**PREMIUM PAYMENT PLAN'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS S.W. CAFÉ CORPORATION'S THIRD-PARTY COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

　　　　　　　　　　　　　　　　　　　James F. Moscagiuri (JM-8928)
　　　　　　　　　　　　　　　　　　　**COURTER, KOBERT & COHEN**
　　　　　　　　　　　　　　　　　　　1001 Route 517
　　　　　　　　　　　　　　　　　　　Hackettstown, NJ 07840
　　　　　　　　　　　　　　　　　　　Telephone (908) 852-2600
　　　　　　　　　　　　　　　　　　　Facsimile (908) 852-8225
　　　　　　　　　　　　　　　　　　　Attorneys for Third-Party Defendant,
　　　　　　　　　　　　　　　　　　　Premium Payment Plan

**On the Brief:**
　　　James F. Moscagiuri, Esq.

{00270976-1}

## TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

PRELIMINARY STATEMENT ......................................................................................1

STATEMENT OF FACTS ...............................................................................................3

LEGAL ARGUMENT ......................................................................................................5

      SWEETWATER'S THIRD-PARTY COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST PREMIUM AND, THEREFORE, IT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) AS A MATTER OF LAW.....................................................................5

CONCLUSION................................................................................................................10

## TABLE OF AUTHORITIES

**Cases**                                                                                                **Page(s)**

Alexiou v. Brad Bension Mitsubishi
    127 F.Supp.2d 557, 559 (D.N.J. 2000) .................................................................6

Basic Image, Inc. v. Transamerica Ins. Finance Corp.
    660 N.Y.S.2d 433 (App. Div. 1977) ...................................................................8

Conley v. Gibson
    355 U.S. 41, 45-6, 78 Sup.Ct. 99 (1957) ...........................................................6

Doe v. Division of Youth and Family Services
    148 F.Supp.2d 462, 481 (D.N.J. 2001) ...............................................................5

Hishon v. King and Spaulding
    467 U.S. 69, 73, 104 Sup.Ct. 2229 (1984) .........................................................6

Home Mutual Ins. Co. v. Broadway Bank & Trust Co.
    53 N.Y.2d 568 (1981) ........................................................................................8

Kende Leasing Corporation v. A.I. Credit Corp.
    217 N.J. Super. 101, (App. Div.) ........................................................................8

Mortensen v. First Federal Savings & Loan Ass'n.
    549 F.2d 884, 891 (3rd Cir. 1977) ........................................................................5

Poling v. K. Hovnanian Enter.
    99 F.Supp.2d 502, 507 (D.N.J. 2000) .................................................................5

Scheuer v. Rhodes
    416 U.S. 232, 236, 94 S.Ct. 1683 (1974) ...........................................................5

Unger v. AFCO Credit Corp.
    239 F.Supp.2d 447 (D.N.J. 2002) ....................................................................7,8

**Rules**

Fed. R. Civ. P. 12(b)(6) .............................................................................................1,2,5,6,7

**STATUTES**

N.J.S.A. 17:16D-13 ...................................................................................................1,3,4,7

N.J.S.A. 17:16D-13(b) and 13(c) ....................................................................................4

## PRELIMINARY STATEMENT

Third-Party Defendant, Premium Payment Plan, submits this brief in support of its motion to dismiss the Third-Party Complaint filed against it by Sweetwater Café Corporation pursuant to Rule 12(b)(6). Sweetwater alleges that Premium, who financed Sweetwater's property insurance policy, improperly cancelled said policy and, as a result, Sweetwater, being without coverage when a loss subsequently occurred, was damaged. For the purposes of deciding this motion only, Premium will concede that its cancellation of Sweetwater's property insurance policy was improper. Accordingly, the sole remaining question is whether Premium can be held liable, as a matter of law, for the losses Sweetwater suffered as a result of this improper cancellation. If the Court determines – as it should – that the answer to this legal question is an emphatic "no," then it is respectfully submitted that the Court should enter the requested Order, dismissing the Third-Party Complaint as against Premium.

By way of background, Premium, an insurance premium finance company, entered into a premium finance agreement (the "Agreement") with Sweetwater, whereby Premium agreed to finance Sweetwater's property insurance policy (the "Policy") for a building where Sweetwater operated a restaurant (the "Building"). The Agreement gave Premium the power to cancel Sweetwater's Policy, which was issued by Great American E & S Insurance Company, for various reasons, including Sweetwater's failure to make the payments to Premium required in the Agreement. In Order to effectuate cancellation, however, Premium was required to comply with the New Jersey Insurance Premium Finance Company Act, N.J.S.A. 17:16D-13 (the "Act").

On June 30, 2008, Sweetwater's Building was struck by lightening and burned to the ground. Sweetwater subsequently submitted a claim to Great American. Great American denied Sweetwater's claim, however, because the Policy had been cancelled by Premium on June 9,

{00270976-1}

2008, prior to the date of the fire. Premium did in fact issue a Notice of Cancellation to be effective on June 9, 2008, based upon Sweetwater's failure to make one of the monthly payments required by the Agreement. Sweetwater, thereafter, protested Great American's denial of coverage on numerous grounds.

One of Sweetwater's protests relates directly to Premium. Sweetwater asserts that Premium's cancellation of the Policy failed to comply with the Act. The Act specifically requires a premium finance company to provide an insured with ten-days to cure a default for non-payment prior to said premium finance company effectuating the cancellation of an insured's policy. Sweetwater asserts that Premium cancelled the Policy before this ten-day mandatory grace period had expired, leading to Sweetwater's lack of insurance coverage on the date of the loss. Sweetwater now seeks to hold Premium responsible for the damages Sweetwater incurred as a result of the June 30, 2008 fire. Based upon the foregoing, Plaintiff Great American filed a Declaratory Judgment Complaint seeking a ruling that Great American is not responsible to reimburse Sweetwater for the loss Sweetwater incurred, due to Premium's cancellation of the Policy. In turn, Sweetwater filed the within Third-Party Complaint against Premium, and Premium subsequently filed the instant motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).[1]

---

[1] Please note that Premium accepts the facts set forth in Great American's Complaint and Sweetwater's Third-Party Complaint as true only for the purposes of the instant motion to dismiss.

{00270976-1}                                    2

## STATEMENT OF FACTS

Great American is an insurance company doing business in the State of New Jersey. (See Great American Complaint at ¶ 2). Through its managing agent, the Walnut Advisory Group, Great American issued to Sweetwater, a policy of insurance (No. PAC3896203) effective December 12, 2007 through December 12, 2008. The Policy provided, among other things, coverage for property located at 2780 7th Avenue, Sweetwater, New Jersey. (Id. at ¶ 7).

Sweetwater financed the payment of the Policy through Premium, a premium finance company. (See Sweetwater Complaint at ¶ 5; Great American Complaint at ¶ 10). The premium finance agreement entered into by Premium and Sweetwater contained a power of attorney arrangement, enabling Premium to cancel the policy for non-payment of an installment due under the Agreement. (Sweetwater Complaint at ¶ 6; Great American Complaint at ¶ 11).

On or about June 30, 2008, Sweetwater suffered a loss to its business, when the Building was struck by lightening and ultimately burned to the ground. (Sweetwater Complaint at ¶ 8). The fire caused an immediate and total loss of Sweetwater's Building, business, personal property, and business income. (Id. at ¶ 9). The loss was covered under the terms of the Policy issued by Great American. (Id. at ¶¶ 9-10).

Prior to the fire, on May 22, 2008, Premium generated a Notice of Intent to Cancel Sweetwater's Policy with Great American for Sweetwater's failure to submit the required monthly payment under the Agreement. (Ibid.). Premium's Customer Account Inquiry Record showed that the Notice was not sent to Sweetwater until June 2, 2008. (Ibid.). Any cancellation by Premium was subject to the provisions of the Act, N.J.S.A. 17:16D-13. (Ibid.).

The Notice of Intent to Cancel advised Sweetwater and its agent, Aconorat Insurance Company, Inc., that the Policy would be cancelled on June 5, 2008. (Great American Complaint

at ¶ 12). According to Sweetwater, however, due to the fact that the notice was not sent until June 2, 2008, Sweetwater had until at least June 12, 2008 to cure any late payment under the Act, and specifically N.J.S.A. 17:16D-13(b). (Sweetwater Complaint at ¶¶ 11-13). Nonetheless, on June 5, 2008, Premium issued a Notice of Cancellation, effective June 9, 2008 to Great American. (Sweetwater Complaint at ¶ 12). This Notice was sent to Walnut, but Sweetwater did not receive a copy as required by N.J.S.A. 17:16D-13(c). (Ibid.). On June 10, 2008, within the statutory date to cure, Sweetwater made its monthly payment to Premium, which should have prevented Premium from cancelling Sweetwater's insurance policy with Great American. (Sweetwater Complaint at ¶¶ 13,17).

On June 30, 2008, Sweetwater's insurance broker, Absolute Insurance, submitted a Notice of Claim of Sweetwater's fire loss to Walnut. (Sweetwater Complaint at ¶ 15). After initially accepting the claim, Walnut advised Sweetwater that the Policy had been cancelled on June 9, 2008 based upon the Notice of Cancellation submitted to Great American by Premium for non-payment of monthly installments. (Sweetwater Complaint at ¶ 16). Sweetwater contends that any cancellation of the Policy in question based upon the request of Premium is void and/or improper because the cancellation did not comply with the requirements of N.J.S.A. 17:16D-13 and, hence, as a result of the improper cancellation as aforesaid, Sweetwater lost its insurance coverage resulting in damage at the hands of Premium. (Sweetwater Complaint at ¶ 17 and 18).

# LEGAL ARGUMENT

## SWEETWATER'S THIRD-PARTY COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED AGAINST PREMIUM AND, THEREFORE, IT MUST BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(6) AS A MATTER OF LAW.

Motions to dismiss under Fed. R. Civ. P. 12(b)(6) result in a determination on the merits at an early stage of a plaintiff's case. See Mortensen v. First Federal Savings & Loan Ass'n., 549 F.2d 884, 891 (3rd Cir. 1977). "The issue is not whether a plaintiff will ultimately prevail, but whether [it] is entitled to offer evidence to support [its] claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974).

In evaluating a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6):

> [The] Court may consider only the complaint, exhibits to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents.
>
> Poling v. K. Hovnanian Enter., 99 F.Supp.2d 502, 507 (D.N.J. 2000) (citing Pension Benefit Gaur. Corp. v. White Consul. Indus., 998 F.2d 1192, 1196 (3rd Cir.), cert. denied, 510 U.S. 1042, 114 Sup. Ct. 687 (1994)).

Therefore, this Court's role is limited to a review of the allegations contained in the Great American Complaint and the Sweetwater Third-Party Complaint. If necessary, however, the Court may also look to the Great American/Sweetwater insurance policy; the Premium/Sweetwater premium finance agreement; the Notice of Intent to Cancel and the Notice of Cancellation. See Poling, supra, 99 F.Supp.2d at 507; see also Doe v. Division of Youth and Family Services, 148 F.Supp.2d 462, 481 (D.N.J. 2001).[2]

If, after such review, it appears beyond doubt that Sweetwater can prove no set of facts,

---

[2] All of said documents are on file with the Court. While it is unlikely that the Court would need to reference same based upon Premium's acceptance of all allegations as true for this motion, they will be provided by this office upon request if it is inconvenient for the Court to retrieve same from the previous filings.

which would entitle it to the relief sought against Premium, dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is proper. See Alexiou v. Brad Bension Mitsubishi, 127 F.Supp.2d 557, 559 (D.N.J. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-6, 78 Sup.Ct. 99 (1957)). See also Hishon v. King and Spaulding, 467 U.S. 69, 73, 104 Sup.Ct. 2229 (1984) (holding that a complaint may be dismissed for failure to state a claim where it appears beyond doubt that no relief could be granted under any set of facts which could be proved consistent with the allegations).

There are only two possible outcomes in this matter as they specifically relate to Premium. Regardless of which outcome is reached, Premium cannot be held liable. First, at some point, the Court or a Jury may determine that the Policy was properly cancelled. Under this scenario, Sweetwater will be held accountable for its own losses. The second possible outcome relevant to Premium, is a finding that Premium's attempt to cancel the Policy was improper. Under this scenario, Great American must provide coverage to Sweetwater, and Premium bears absolutely no liability at all. In essence, and as discussed in more detail herein below, the law of the State of New Jersey treats an ineffective cancellation (one which fails to comply with the requirements of the Act) as having never occurred. The parties simply stand in the position they would have stood had issues of default under the Agreement never arose. In the situation where an insurance company refuses to cover the loss based upon the purported cancellation, the law provides the insured with a single avenue of relief, suit against the insurer.

**Sweetwater May Not Hold Premium Liable For Premium's Failure To Comply With Requirements Of The Act As A Matter Of Law.**

The entirety of Sweetwater's case against Premium rests upon Premium's purported failure to comply with the provisions of the Act. However, even if Sweetwater's allegations are accepted as true, Premium cannot be held liable as a matter of law. Thus, the Third-Party Complaint must be dismissed.

In Unger v. AFCO Credit Corp., 239 F.Supp.2d 447 (D.N.J. 2002), the plaintiff asserted claims for breach of contract and negligence against AFCO (an insurance premium finance company) for the wrongful termination of an insurance policy that resulted in the refusal by Scottsdale Insurance Company to indemnify Unger for a fire loss. Unger, supra, 239 F.Supp.2d at 451. In essence, Unger asserted a negligence claim against AFCO for a violation of the Act, N.J.S.A. 17:16D-13, and a breach of contract claim under the premium finance agreement entered into between AFCO and Unger. Ibid. Saving the breach of contract action, the allegations and negligence cause of action leveled by Unger against AFCO are almost identical to those asserted by Sweetwater against Premium. See Sweetwater Complaint, generally.

After reviewing case law in the State of New Jersey relevant to an insured's ability to maintain a lawsuit against an insurance premium finance company, Judge Cooper of this Circuit, memorialized the Court's previous dismissal of AFCO in his Opinion addressing Scottsdale's motion for summary judgment:

> This Court granted AFCO's earlier motion to dismiss the complaint insofar as asserted against it (see Fed. R. Civ. P. 12(b)(6)) by Order dated December 21, 2001 ("12-21-01 Order"). Without considering whether AFCO provided proper notices of intent to cancel or of cancellation, the Court held that Unger had no legally cognizable cause of action against AFCO, even though AFCO was charged with complying with the Act's notice requirements. (Id. at 10). The Court found that under New Jersey law, the Act's purpose is promoted 'by treating [AFCO's] failure . . . to follow [the Act] as vitiating any purported cancellation of the insurance policy, thereby allowing [Unger] to pursue a cause of action against [Scottsdale].' (Id. at 18). In addition, the Court held that under New Jersey law 'an insured is best protected from an unannounced cancellation by permitting the insured to sue the insurer under the insurance policy rather than by recognizing the cancellation but permitting a claim against a premium finance company," and that Scottsdale had the burden of showing AFCO's compliance. (Id. at 22-25). The Court also found that New Jersey public policy dictated that premium finance companies be protected from liability that might otherwise cause them to cease

> financing premiums for those who could not otherwise afford to buy insurance (Id.).

Unger, supra, 239 F.Supp.2d at 451.

Furthermore, in Kende Leasing Corporation v. A.I. Credit Corp., 217 N.J. Super. 101, (App. Div.), cert. denied, 108 N.J. 664 (1987), a case upon which the Unger Court placed substantial reliance, the New Jersey Appellate Division held "that [a premium finance company's] failure to mail [the insured] a notice of intent to cancel rendered ineffective the subsequent notice of cancellation. Therefore, [the insured's] policy was in effect at the time of the [insured's loss] and, under the terms of the policy [the insurance company] was legally liable to pay [the insured] for the fire loss it sustained." Once again, the premium finance company could not be held liable under any cognizable legal theory. Kende, supra, 108 N.J. at 113. See also Basic Image, Inc. v. Transamerica Ins. Finance Corp. 660 N.Y.S.2d 433 (App. Div. 1977)("if the insured could show an erroneous notice of cancellation, the cancellation will be treated as a nullity and the insured will have recourse only against the insurer under the policy itself." In other words, the premium finance company does not "buy the risk."); Home Mutual Ins. Co. v. Broadway Bank & Trust Co., 53 N.Y.2d 568 (1981)(public policy considerations disfavor holding a premium finance company liable for the policy amount because, given such extensive liability, qualifying banks and lending units might well decline to act as premium financing agencies.).

The holding in Unger is clearly on point and conclusive with respect to the instant matter. As was the case in Unger, Sweetwater seeks to hold Premium liable based upon Premium's improper cancellation of the Policy. In essence, Sweetwater alleges that Premium cancelled the Policy before the ten-day grace period required to be given to an insured for non-payment under the Act had expired. Taking Sweetwater's allegation at face value, the above holdings clearly

establish that Sweetwater's sole recourse remains against the insurer, Great American. Simply put, Premium did not "buy the risk." As the above Courts held, if it is found that Premium's cancellation of the Policy was improper, it will be treated as if it had never occurred, and Great American will be called upon to provide the protections contained in the Policy.

Accordingly, it cannot be legitimately disputed that Sweetwater does not have a cognizable cause of action against Premium. Therefore, it is respectfully submitted that the instant motion should be granted in its entirety as a matter of law.

## CONCLUSION

For all of the foregoing reasons, it is respectfully submitted that Premium's motion to dismiss pursuant to Fed. R. Civ. P. 12 (b)(6) should be granted in all respects and, thus, Sweetwater's Third-Party Complaint, as it relates to Premium, should be dismissed with prejudice at this time.

 

By: /s/ James F. Moscagiuri
    James F. Moscagiuri (JM-8928)
    **COURTER, KOBERT & COHEN**
    1001 Route 517
    Hackettstown, NJ 07840
    Telephone (908) 852-2600
    Facsimile (908) 852-8225

    Attorneys for Third-Party Defendant,
    Premium Payment Plan

James F. Moscagiuri (JM-8928)
**COURTER, KOBERT & COHEN**
A Professional Corporation
1001 Route 517
Hackettstown, NJ 07840
Telephone (908) 852-2600
Facsimile (908) 852-8225
E-Mail jmoscagiuri@ckclaw.com

Attorneys for Third-Party Defendant,
Premium Payment Plan

THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| GREAT AMERICAN E & S INSURANCE COMPANY,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>S. W. CAFÉ CORP., S. W. CAFÉ, LLC and JOSEPH CAVALIERI,<br><br>　　　　　　　　　　Defendants.<br>-------------------------------------------------------<br>S. W. CAFÉ, CORP. d/b/a SWEETWATER CASINO, a New Jersey Corporation,<br><br>　　　　　　　　　　Third-Party Plaintiff,<br><br>v.<br><br>PREMIUM PAYMENT PLAN and WALNUT ADVISORY GROUP,<br><br>　　　　　　　　　　Third-Party Defendants. | Civil Action No. 1:08-cv-04117-JEI-KMW<br><br>Civil Action<br><br>**DOCUMENT ELECTRONICALLY FILED**<br><br>**ORDER DISMISSING S. W. CAFÉ CORP.'S THIRD-PARTY COMPLAINT AS AGAINST PREMIUM PAYMENT PLAN** |

**THIS MATTER,** having been opened to the Court on the application of the Third-Party Defendant, Premium Payment Plan ("Premium"), by and through its attorneys, Courter, Kobert

{00270828-1}

& Cohen, P.C., James F. Moscagiuri, Esq., appearing; and upon notice to Defendant/Third-Party Plaintiff S. W. Café, Corp. d/b/a Sweetwater Casino ("S. W. Café") by and through its attorneys, Brown & Connery, LLP, Michael J. Vassaloti, Esq., appearing; and upon notice to all other counsel of record in the within action; and the Court having considered Premium's papers submitted in support of said motion; and the Court having further considered all submissions in opposition to said motion, together with the arguments of counsel, if any; and for the reasons more fully set forth on the record and other good cause having been shown;

**IT IS** on this _____ day of _____, 2009

**ORDERED** that Premium's motion to dismiss S. W. Café's Third-Party Complaint as against Premium for failure to state a claim upon which relief may be granted, pursuant to F.R.C.P. 12(b)(6), shall be and the same hereby is granted; and it is further

**ORDERED** that S. W. Café's Third-Party Complaint, as it relates to Premium, shall be and the same hereby is dismissed with prejudice for the reasons set forth on the record; and it is further

**ORDERED** that a fully conformed copy of this Order shall be served upon all counsel of record within _____ days of its receipt from the Court.

**SO ORDERED:**

_____
Honorable Karen M. Williams, U.S.M.J.